Case 3:09-cv-01692-P   Document 13   Filed 01/08/10   Page 1 of 3   PageID 36

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 8 2010

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY D. CAVIT | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1692-P |
| | § | |
| TRACY HOME, Judge | § | |
| 363rd Judicial District Court | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ricky D. Cavit, a former Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the case should be dismissed for want of prosecution.

I.

On September 11, 2009, petitioner filed this action challenging a parole violation and his conviction and sentence for an unspecified criminal offense. Unable to determine the precise nature of his claims, the court sent written interrogatories to petitioner at the address provided by him. The interrogatories were mailed to petitioner on September 18, 2009, and again on October 23, 2009. Thereafter, the court learned that the address provided by petitioner was a private residence, and that he was incarcerated at the Formby Unit of the TDCJ-CID. On December 15, 2009, the court sent the interrogatories to petitioner at the Formby Unit. Two weeks later, on December 31, 2009, the unopened envelope containing the interrogatories was returned to the clerk with the notation, "RTS-- Discharged." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to petitioner at the only address provided by him and to the prison where he was incarcerated. However, petitioner has been released from custody and has not provided the court with his current address. Without this information, the court cannot communicate with petitioner and this litigation cannot proceed. Dismissal is the only option available under these circumstances. *See Weatherspoon v. Ahmed*, No. 3-07-CV-0369-K, 2007 WL 1062162 at *1 (N.D. Tex. Apr. 10, 2007) (dismissing complaint for failure to provide court with current address).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE